Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000755
24-APR-2013
09:21 AM

NO. CAAP-11-0000755

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GAIL KONO, and WRAY JOSE, each individually and on
behalf of those persons similarly situated,
and TERRIE SIMPSON, LIANE AUYONG-IMAMURA,
PETER NAKASHIMA, CATHERINE KALEHUAWEHE, JOAN LEWIS,
BEVERLEE CHIP, JUSTIN WONG, ROBERT GILMORE and
GAYLE ENRIQUEZ, each in his or her official capacity
as TRUSTEE of the HAWAI'I STATE TEACHERS ASSOCIATION
VOLUNTARY EMPLOYEES' BENEFICIARY TRUST,
Plaintiffs-Appellees/Cross-Appellants,
v.
NEIL ABERCROMBIE, Governor, State of Hawai'i,
in his official capacity, STATE OF HAWAI'I, DOES 1-10,
Defendants-Appellants/Cross-Appellees


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-1966)

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Leonard, JJ.)


        Defendants/Appellants/Cross-Appellees Neil Abercrombie,
Governor, State of Hawai'i, in his official capacity, and the
State of Hawai'i (collectively, State) appeal from the following

orders and judgments entered in the Circuit Court of the First Circuit[1] (circuit court):

(1) the March 15, 2011 "Order Denying State Defendants' Motion for Judgment on the Pleadings, Filed October 12, 2010" (Order Denying State's MJP);

(2) the March 15, 2011 "Order Denying [Plaintiffs'] Motion for Preliminary Injunction, Filed November 4, 2010" (Order Denying Plaintiffs' MPI);

(3) the March 15, 2011 "Final Judgment Partly in Favor of Plaintiffs and Partly in Favor of Defendants" (Final Judgment);

(4) the May 17, 2011 "Order Denying State Defendants' Motion for Award of Attorneys' Fees, Filed March 29, 2011"; and

(5) the October 6, 2011 "Amended Final Judgment Partly in Favor of Plaintiffs and Partly in Favor of Defendants" (Amended Final Judgment).

Plaintiffs/Appellees/Cross-Appellants Gail Kono and Wray Jose, each individually and on behalf of a class of persons similarly situated; and Terrie Simpson, Liane Auyong-Imamura, Peter Nakashima, Catherine Kalehuawehe, Joan Lewis, Beverlee Chip, Justin Wong, Robert Gilmore, and Gayle Enriquez, each in his or her official capacity as Trustee of the Hawaiʻi State Teachers Association Voluntary Employees' Beneficiary Association Trust (collectively, Plaintiffs) cross-appeal from:

(1) the Order Denying Plaintiffs' MPI;

(2) the Final Judgment;

(3) the Amended Final Judgment;

(4) the July 20, 2011 "Order Summarily Denying Plaintiffs' Motion For Leave to File First Amended Complaint Without Hearing" (Order Denying Amendment); and

---

[1] The Honorable Karl K. Sakamoto presided.

(5) the December 1, 2011 "Order Denying Plaintiffs' Motion for Attorneys' Fees and Costs filed October 20, 2011."[2]

Pursuant to its Amended Final Judgment, the circuit court entered judgment partly in favor of Plaintiffs and partly in favor of the State on all counts of Plaintiffs' complaint.

## I.  BACKGROUND

On September 14, 2010, Plaintiffs filed a complaint challenging the State's transfer of approximately 15,200 active and retired public school teachers and their dependants (collectively, Teachers) into the Employer-Union Health Benefits Trust Fund (EUTF).

In 2005, the Hawai'i State Legislature (Legislature) enacted Act 245 (partially codified in HRS Chapter 87D (2005), *repealed by* 2010 Haw. Sess. L. Act 106, §§ 1-2 at 198). Act 245 authorized the Voluntary Employees' Beneficiary Association Trust (VEBA Trust) to provide health benefits to teachers, beginning on March 1, 2006.  However, on December 31, 2010, Act 245 terminated pursuant to its sunset provision.  See 2005 Haw. Sess. L. Act 245, § 8 at 767.  As a result, the Teachers were transferred from the VEBA Trust into the EUTF.

Based on the transfer and on the State's allegedly wrongful taking of surplus funds from the VEBA Trust, Plaintiffs filed the underlying complaint against the State on the Teachers' behalf.  The complaint alleged claims for violations of article XVI, section 2 of the Hawai'i Constitution (for diminishing and impairing accured benefits and the source of accrued benefits), breach of contract, unjust enrichment, and injunctive and

---

[2]     Plaintiffs' notice of appeal from the Order Denying Plaintiffs' Fees and Costs was docketed as appeal number CAAP 12-0000004.  On January 19, 2012, this court entered an order consolidating appellate court case number CAAP 12-0000004 under appellate court case number CAAP-11-0000755.

3

declaratory relief. The State filed its answer on October 4, 2010.

On October 12, 2010, the State filed a motion for judgment on the pleadings pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 12(c) (MJP). On November 4, 2010, Plaintiffs filed a motion for preliminary injunction (MPI), seeking to maintain the status quo and prevent the transfer of Teachers from the VEBA Trust to the EUTF.

The circuit court heard both parties' motions on December 7, 2010. After hearing arguments, the court announced it was denying both motions. The court also issued extensive oral rulings that appeared to resolve the merits of the complaint partly in Plaintiffs' favor and partly in the State's favor. The Amended Final Judgment (discussed further below) summarizes the court's oral rulings. At the end of the hearing, Plaintiffs' counsel volunteered to prepare the order denying the MJP and the MPI, and the court agreed. The court did not, however, order either party to prepare a judgment, nor did it give any indication it intended to enter a judgment at that time.

The parties participated in a status conference on January 6, 2011, during which the circuit court apparently indicated its view that it had resolved all issues and that the case was appropriate for final judgment. Plaintiffs submitted a proposed order, to which the State objected. The State then twice submitted proposed orders "granting in part and denying in part" the State's MJP. In its second submission, the State also included a proposed final judgment. Plaintiffs opposed both submissions, objecting to the form of the proposed orders and arguing that entry of a final judgment was procedurally improper.

On March 15, 2011, the circuit court entered its (1) Order Denying State's MJP; (2) Order Denying Plaintiffs' MPI; and (3) Final Judgment. The Final Judgment stated "[a]ny remaining

4

parties and/or claims are dismissed," but it failed to specifically identify the claim or claims on which the circuit court intended to enter judgment. At the time the circuit court entered the Final Judgment, there were no pending motions from either party.

On April 11, 2011, the State filed a notice of appeal from the Final Judgment. On June 30, 2011, this court dismissed the appeal for lack of jurisdiction because the Final Judgment failed to satisfy the requirements of HRCP Rule 58 or the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 869 P.2d 1334 (1994).

On July 11, 2011, Plaintiffs filed "Plaintiffs' Motion for Leave to File First Amended Complaint." On July 20, 2011, the circuit court entered its Order Denying Amendment, concluding the motion was "untimely" because all the claims had been resolved pursuant to its Final Judgment.

On October 6, 2011, the circuit court entered its Amended Final Judgment, pursuant to its December 7, 2010 oral rulings. In its Amended Final Judgment, the circuit court set forth the following:

> (a) Act 106, Session Laws of Hawai'i 2010 ("Act 106"),[3] does not violate Article XVI, Section 2 of the Hawai'i Constitution ("Art XVI, § 2");
>
> (b) The transfer of active and retired teachers who participated in the health benefits plans of the Hawai'i

---

[3] In Act 106, the Legislature declared it had no intention to make Act 245 permanent or extend the sunset date further. Section 1 of Act 106 stated, in pertinent part:

> The legislature finds that the enabling law for the [VEBA Trust], an alternative health-benefits system used by the employee organization for public school teachers, will sunset on July 1, 2010. The legislature declares that it does not intend to make the enabling law permanent or extend the sunset date for another pilot testing period.

2010 Haw. Sess. L. Act 106, § 1 at 198.

State Teachers Association Voluntary Employees' Beneficiary Association Trust ("VEBA members") to the health benefits plans of the Hawai'i Employer-Union Health Benefits Trust Fund ("EUTF"), effective January 1, 2011, pursuant to Act 106, does not violate Art. XVI, § 2 nor does it breach any contract between VEBA members and the State of Hawai'i ("State");

(c)     Former VEBA members who transfer to the EUTF pursuant to Act 106 are entitled to maintain the same standard of coverage benefits in their EUTF health benefits plans;

(d)     To the extent that the surplus funds that the VEBA Trust returned to the State were part of accrued benefits of the VEBA members who paid into the surplus, such funds shall be used by the State to ensure that VEBA members can maintain their standard of coverage benefits, as provided in this Final Judgment[.]

Based on the above, the circuit court entered judgment partly in favor of Plaintiffs and partly in favor of the State on all counts.

The circuit court also entered an "Order Denying [State's] Motion for Award of Attorneys' Fees, Filed March 29, 2011" on May 17, 2011, and a post-judgment "Order Denying Plaintiffs' Motion for Attorneys' Fees and Costs Filed October 20, 2011" on December 1, 2011.

On October 14, 2011, the State filed a timely notice of appeal from the Amended Judgment, and Plaintiffs filed a notice of cross-appeal on November 4, 2011.

On appeal, the State contends the circuit court erred:

(1)   in holding that "the teachers in the VEBA Trust have constitutionally protected accrued benefits based on their past service" and are entitled to maintain the same standard of coverage benefits in their EUTF health benefits plans;

(2)   in ordering the VEBA Trust surplus funds be used to ensure the Teachers maintain the same standard of coverage benefits; and

6

(3) in entering its MJP Denial Order and its order denying the State's motion for attorneys' fees.

On cross-appeal, Plaintiffs contend the circuit court erred:

(1) in determining Act 245 (and its subsequent amendments) and the State's taking of the VEBA Trust surplus did not violate article XVI, section 2 of the Hawai'i Constitution;

(2) in determining Act 245 and the taking of the surplus did not violate the Teachers' contractual rights;

(3) in entering its MPI Denial Order, its Order Denying Amendment, and its order denying Plaintiffs' motion for attorneys' fees and costs; and

(4) in issuing the Amended Final Judgment after denying the State's MJP.

## II. STANDARD OF REVIEW

Questions of law are reviewed upon appeal under the right/wrong standard of review. <u>Maile Sky Court Co., Ltd. v. City & Cnty. of Honolulu</u>, 85 Hawai'i 36, 39, 936 P.2d 672, 675 (1997).

## III. DISCUSSION

Plaintiffs raise a challenge to the procedural propriety of the circuit court's decision, arguing the circuit court lacked authority to render its decision in the absence of an appropriate pending motion from either party. We agree with Plaintiffs' argument.

The State contends that, based on the content of the circuit court's oral ruling and its Amended Final Judgment, it is apparent the circuit court intended to partially grant the State's MJP with respect to all claims in Plaintiffs' complaint. Specifically, the circuit court concluded that Act 245 was not a violation of the non-impairment clause or a breach of contract,

7

and that the State was allowed to retain the VEBA Trust surplus funds. The Final Judgment stated it was based on an "Order Granting In Part And Denying In Part State Defendants' Motion for Judgment On The Pleadings, Filed October 12, 2010, And Entering Summary Judgment Partly In Favor Of Plaintiffs And Partly In Favor Of Defendants."

No such order exists in the record.[4] The written order the circuit court entered was the "Order Denying State's MJP." The circuit court's decision to deny the MJP in its entirety was apparently deliberate. At the hearing on the MJP and Plaintiffs' MPI, the circuit court expressly stated it was denying both motions. The circuit court also chose not to adopt either of the State's two proposed orders, which would have granted in part and denied in part the MJP, and instead entered Plaintiffs' proposed order denying the MJP.

The written order, which denied the MJP in its entirety, controls over the oral statements the circuit court made. Nat'l Home Centers, Inc. v. Coleman, 257 S.W.3d 862, 863 (Ark. 2007) ("If a trial court's ruling from the bench is not reduced to writing and filed of record, it is free to alter its decision upon further consideration of the matter. Simply put, the written order controls.") (Citation omitted.); Lind v. Raynor, 243 P.2d 783 (Nev. 1952); Owens v. Magill, 419 S.E.2d 786 (S.C. 1992) (holding that a judge was not bound by prior oral ruling and could issue written order which conflicted with prior oral ruling); Ladd by Ladd v. Honda Motor Co., Ltd., 939 S.W.2d 83, 104 (Tenn. Ct. App. 1996) ("A court speaks only through its written orders."); In re JDN Real Estate-McKinney L.P., 211

---

[4]    Other than this reference to a non-existent order, nothing in the record indicates the court disposed of the case by summary judgment, either on its own initiative or by treating the State's MJP as a motion for summary judgment pursuant to HRCP Rule 12(c).

8

S.W.3d 907 (Tex. App. 2006); <u>Fredericksburg Const. Co., Inc. v.</u> <u>J.W. Wyne Excavating, Inc.</u>, 530 S.E.2d 148, 152 (Va. 2000); <u>Ratcliff v. Cyrus</u>, 544 S.E.2d 93, 96 n. 14 (W. Va. 2001) ("[W]hen presented with conflicting signals from a circuit court, the law favors written orders over oral statements.").

When the circuit court entered its Final Judgment and its Amended Final Judgment, there was no pending dispositive motion on which the circuit court could terminate the litigation. Nothing in the HRCP or the RCCH grants the circuit court the authority, after a complaint and answer has been filed, to <u>sua</u> <u>sponte</u> enter a final judgment without a stipulation of the parties or pursuant to a previous order of the court. Although the State claims judgment on the pleadings was warranted as a matter of law, the State failed to cite any argument or authority in its briefs or at oral argument supporting the circuit court's filing a final judgment <u>sua sponte</u> and contrary to its prior orders.[5]

Because the circuit court's procedure in entering judgment was premature and without basis in any authority, we vacate the Amended Final Judgment. We further vacate the Order Denying Amendment and the orders denying the parties' attorneys' fees and costs.

## IV. CONCLUSION

Therefore, we vacate the

(1) March 15, 2011 "Final Judgment Partly in Favor of Plaintiffs and Partly in Favor of Defendants";

(2) May 17, 2011 "Order Denying State Defendants' Motion for Award of Attorneys' Fees, Filed March 29, 2011";

---

[5] We also find no authority for the circuit court's action in issuing the "Order Denying Plaintiffs' MPI" and then, within that same order, ordering the State to apply the VEBA Trust's surplus funds "to ensure that [Teachers] transitioning from the VEBA Trust receive the same standard of coverage that they received while in the VEBA Trust."

(3) July 20, 2011 "Order Summarily Denying Plaintiffs' Motion For Leave to File First Amended Complaint Without Hearing" (Order Denying Amendment);

(4) December 1, 2011 "Order Denying Plaintiffs' Motion for Attorneys' Fees and Costs filed October 20, 2011"; and

(5) October 6, 2011 "Amended Final Judgment Partly in Favor of Plaintiffs and Partly in Favor of Defendants."  We remand this case for further proceedings consistent with this opinion.

DATED:  Honolulu, Hawai'i, April 24, 2013.

Brian P. Aburano
William J. Wynhoff
Deputy Attorneys General
(Diane Erickson, Deputy Attorney
General with them on the briefs)
for Defendants-Appellants/Cross-
Appellees.

Paul Alston
John Rhee
(David A. Nakashima with them on
the briefs)
(Alston Hunt Floyd & Ing)
for Plaintiffs-Appellees/Cross-
Appellants.

Presiding Judge

Associate Judge

Associate Judge